## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JEROME TUCKER | § | |
| | § | |
| v. | § | C.A. NO. C-06-41 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and currently is incarcerated at FCI Three Rivers.  Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, on January 17, 2006, arguing that his constitutional right to have a jury determine any fact that increased his sentence was violated when the sentencing district court used the federal sentencing guidelines to enhance his sentence.  (D.E. 1, Attach., at 8).  Pending is respondent's motion to dismiss, (D.E. 17), for failure to state a claim.

## I.  BACKGROUND

Petitioner was charged by indictment on August 16, 2000 in the United States District Court for the Northern District of Texas, Fort Worth Division with possession with the intent to distribute a cocaine base in violation of 21 U.S.C. § 841(a)(1).  (D.E. 16, App., at 6-7).  Pursuant to a plea agreement, he pleaded

guilty on September 29, 2000 to possession with intent to distribute a controlled

substance, namely a cocaine base, in excess of five grams.  Id. at 3, 9.

On January 5, 2001, the district court sentenced petitioner to 175 months in

the custody of the BOP to be followed by a five-year term of supervised release,

and ordered him to pay a $100.00 special assessment.  Id. at 10-12.  Petitioner did

not file a direct appeal of his conviction and sentence.  He did, however,

collaterally attack the validity of his conviction and sentence.  On July 13, 2001, he

filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was

denied by the sentencing district court on August 15, 2001.  Id. at 13, 34-39.

On September 4, 2001, petitioner filed a motion to amend or alter his

sentence pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil

Procedure.  Id. at 4.  This motion was denied by the sentencing district court.  Id.

He filed an appeal of the district court's denial with the Fifth Circuit.  Id. at 5.  On

January 22, 2002, the Fifth Circuit dismissed his appeal for want of prosecution.

Id.

Petitioner filed this action on January 17, 2006 pursuant to 28 U.S.C. § 2241

challenging the propriety of his sentence.  (D.E. 1, at cover).  He argues that his

constitutional right to have a jury determine any fact that increases his sentence

was violated when the district court, rather than the jury, illegally enhanced his

sentence.  He cites the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542

U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005) to support his

argument.  (D.E. 1, Attach., at 1).

On July 19, 2006, respondent filed a motion to dismiss for failure to state a

claim upon which relief can be granted pursuant to Rule 12(b) of the Federal Rules

of Civil Procedure.  (D.E. 17).  He argues that petitioner is not entitled to relief

because his § 2241 petition does not fall within the savings clause of § 2255

because <u>Booker</u> does not apply retroactively on collateral review.  <u>Id.</u> at 5-6.

Petitioner filed a response to respondent's motion to dismiss in which he argues

that the enhancement of his sentence beyond the statutory maximum violated his

constitutional rights.  (D.E. 18, at 2).  He further argues that the Supreme Court has

accepted review in a case that will directly address whether <u>Blakely</u> applies

retroactively, and therefore, this Court should hold his case in abeyance until the

resolution of that case.  <u>Id.</u> at 3.

## II.  APPLICABLE LAW

### A.    Motion to Dismiss Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to

dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); <u>Neitzke v.</u>

<u>Williams</u>, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a motion

to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus, the central question before the Court is whether the plaintiff's complaint states any valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.      The Savings Clause of § 2255 is Inapplicable to Petitioner's Claims.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence....  Section 2241 is used to attack the manner in which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255....

4

> Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective....
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective....  [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452.  There is an exception to this general rule.  A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.  The savings clause provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

5

> court has denied him relief, <u>unless it also appears that the</u>
> <u>remedy by motion is inadequate or ineffective to test the</u>
> <u>legality of his detention.</u>

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be

invoked to address errors occurring at trial or sentencing in a § 2241 petition.

Discussing this test, the Fifth Circuit has explained that:

> [T]he savings clause of § 2255 applies to a claim (i) that
> is based on a retroactively applicable Supreme Court
> decision which establishes that the petitioner may have
> been convicted of a nonexistent offense and (ii) that was
> foreclosed by circuit law at the time when the claim
> should have been raised in the petitioner's trial, appeal,
> or first § 2255 motion.  Under these circumstances, it can
> be fairly said, in the language of the savings clause, that
> the "remedy by a [successive § 2255] motion is
> inadequate or ineffective to test the legality of [the
> petitioner's] detention."  Of course, this test will operate
> in the context of our existing jurisprudence regarding
> what is *not* sufficient to obtain access of the savings
> clause.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) (italics in

original) (citing <u>Pack</u>, 218 F.3d at 452).  Section 2241 is not a mere substitute for

§ 2255, and a petitioner bears the burden of showing that the § 2255 remedy is

inadequate or ineffective.  <u>Id.</u> at 901 (citing <u>Pack</u>, 218 F.3d at 452; <u>Kinder v.

Purdy</u>, 222 F.3d 209, 214 (5th Cir. 2000)).  Notably, a § 2255 motion is not

6

inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act.  Pack, 218 F.3d at 452-453 (citations omitted).  Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.  Id. at 453.

Petitioner has failed to show that the remedy provided by § 2255 is inadequate or ineffective to address his claim.  Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255.  Despite his attempts to camouflage the nature of his case, what petitioner is attempting to do is to bring a Booker claim pursuant to § 2241.

In Booker, the Supreme Court affirmed its earlier holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by defendant, or proved to a jury beyond a reasonable doubt.  532 U.S. at 244. Petitioner wants to apply Booker to his case because he argues that the district court enhanced his punishment based on facts that were not admitted by him, or found by a jury.  However, the Fifth Circuit has held that neither Booker nor Apprendi are retroactively applicable on collateral review.  See Padilla v. United

7

States, 416 F.3d 424, 426-27 (5th Cir. 2005) (per curiam); In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam) (noting that Booker is not retroactively applicable to cases on collateral review); see also United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) (same).

Petitioner argues that the Fifth Circuit's decision in Elwood is "temporary controlling authority."  (D.E. 18, at 3).  He moves the Court to hold his case in abeyance until the Supreme Court decides a pending case that he believes will hold that Blakely and Booker are retroactively applicable to cases on collateral review. Id.  However, as the law stands now, petitioner is not entitled to relief pursuant to Booker, and this Court must apply the existing law.  Accordingly, it is respectfully recommended that petitioner cannot meet the first prong of the savings clause test, and therefore, his claim cannot be reviewed pursuant to § 2241.

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for this Court to construe his petition as a motion pursuant to § 2255.  Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.").  Thus, it is respectfully recommended that petitioner's motion is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Southern District of Texas does not have

jurisdiction over petitioner's motion.  Section 2255 motions must be filed in the

court where the sentence or conviction being challenged was imposed.  Because

petitioner is challenging a sentence imposed by the United States District Court for

the Northern District of Texas, his § 2255 motion should be filed there.[1]  Because

jurisdiction is not proper in this district, it is respectfully recommended that the

Court dismiss petitioner's petition without prejudice rather than transferring a

petition it does not have jurisdiction over.  Lee v. Wetzel, 244 F.3d 370, 375 & n.4

(5th Cir. 2001).

## C.    Certificate of Appealability.

An appeal may not be taken to the court of appeals from a final order in a

habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

---

[1] It is respectfully recommended that construed as a § 2255 motion, petitioner's motion is
likely a "second or successive" motion.  See United States v. Orozco-Ramirez, 211 F.3d 862,
867 (5th Cir. 2000) (a motion is "second or successive" when it: "1) raises a claim challenging
the petitioner's conviction or sentence that was or could have been raised in an earlier petition;
or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (internal citation omitted).
Petitioner is required to seek and acquire the approval of the appropriate court of appeals before
filing a second or successive § 2255 motion.

a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

requires a petitioner to demonstrate that reasonable jurists could debate whether the

motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th

Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a

petitioner must show both that "jurists of reason would find it debatable whether

10

the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).  In this case, it is respectfully recommended that reasonable jurists could not debate the denial of this petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## III.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that respondent's motion to dismiss, (D.E. 17), be granted and petitioner's habeas petition, (D.E. 1), be construed as a motion pursuant to 28 U.S.C. § 2255 and be dismissed without prejudice for want of jurisdiction.  It is further respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 21st day of August 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

11

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

12